### BRANDEBERRY v
### PENNSYLVANIA RD CO

Ohio Appeals, 2nd Dist, Champaign Co

No 100.   Decided Dec 11, 1937

Deaton & Bodey, Urbana, Gibbs & Gibbs, Urbana, and Newcomer & Bryan, Bryan, for appellees.

Baird Broomhall, Troy, and Harold Houston, Urbana, for appellant.

### OPINION

By BARNES, PJ.

The above-entitled cause is now being determined on error proceedings by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Champaign County, Ohio.

The action was instituted in the trial court under the statute as a death claim, damages being sought on behalf of the next of kin on account of the death of plaintiff's decedent, claimed to have been brought about through the defendant in the negligent operation of its railroad train.

The fatal accident occurred on September 11, 1935 at about eleven o'clock A M., at a crossing located about a mile-and-a-half west of Urbana, Ohio, the crossing being spoken of as "Muzzy's Lake Crossing." At this location the railroad runs in an easterly and westerly direction and has three tracks. The southerly track was being used for east bound trains and the center track for west bound. The train involved in the accident was an east bound freight train and at the time was traveling at a speed of 40 to 45 miles per hour. The railroad grade for a distance of eight miles descends in an easterly direction. The train was a freight train and by reason of the grade of the track was coasting, or as expressed in railroad terms, "drifting." The road crossing as it approached the railroad from the south for a distance of about 22 feet was an upgrade of about 5%. The road itself on right of way, but before reaching the tracks was rather rough.

Plaintiff's decedent on the day in question was operating as an employee of a man by the name of Reynolds, a two and one-half ton truck and was hauling gravel from the plant of the American Aggregates Corporation, located approximately one fourth mile from the scene of the accident. This was decedent's third trip over the crossing on the day of the accident. His home was in northwestern Ohio but he had been working on this particular job for about a week. The gross weight of the truck and its load of gravel was 18700 pounds. Previous to the accident plaintiff's decedent was operating the truck in a northerly direction. The public highway from the gravel plant to the railroad crossing was irregular in direction and leaving the plant route coursed north for a short distance and then west, after which there was a turn north crossing over a bridge and up to the railroad. Along the southerly boundary of the railroad right of way was a ditch about 15 feet in width. The bridge in question was a little better than 20 feet in length and crossed this ditch. The railroad right of way line was in the center of the ditch.

Plaintiff's complaint against the railroad

was that it had permitted shrubs, trees and weeds at a height of more than eight feet to grow up on the railroad right of way immediately west from said bridge and between the roadbed and the ditch; that this growth obstructed the view so that for a distance of several feet it was not possible to see an approaching train from the west until very close to the tracks. It is further alleged that the railroad was negligent in its operation of its train in that it failed to give any signal or warning of its approach until so close to the crossing that the warning was of no avail. The collision between the train and truck killed plaintiff's decedent instantly and completely demolished the truck.

We are now reviewing the second trial of this case. On the first trial the trial court directed a verdict in favor of defendant, the railroad company. On error proceedings our court reversed and remanded for new trial. On this second trial verdict was returned for $5900.00 in favor of plaintiff. After motion for new trial and overruling same, judgment was entered on the verdict.

Counsel for appellant, for their assignment of errors, complain as follows:

(1) The court erred in overruling motion of defendant in the court below to withdraw the case from the jury and direct a verdict at the close of plaintiff's testimony and at the close of all the testimony.

(2) The verdict is manifestly against the weight of the evidence and contrary to law.

(3) The court erred in refusing to give special charges Nos. 3 and 7, (Rec. 158-159) offered by the defendant and objected to by the plaintiff.

(4) The court erred in its general charge to the jury.

(5) The court erred in overruling defendant's motion for new trial and its motion for judgment non obstante veredicto.

Counsel for appellant, while insisting on its first and fifth grounds of error embracing its motion for directed verdict and judgment non obstante veredicto, yet does not discuss these grounds of error for the stated reason that this court has previously passed on the question on a record substantially the same as the present. For this same reason we shall go no further than to say that we have carefully read the record in the instant case and still adhere to our conclusions and reasoning given therefor in the first review.

Counsel for appellant does discuss at great length the claim that the verdict was manifestly against the weight of the evidence and contrary to law. In determining this matter it is our obligation to give the evidence its most favorable interpretation, consistent with the jury's verdict. It is only when the conclusion arrived at by the jury is so at variance with the conclusion of reasonable minds that the verdict may be disturbed.

On the vital issues in the case the evidence is very conflicting. The jury and the trial court were in a better position to determine the credibility of these witnesses than is the reviewing court from the cold type.

It can serve no useful purpose to discuss the testimony of each individual witness. Suffice it to say that we have read the record with care and arrive at the conclusion that the verdict should not be disturbed on the weight of the evidence.

Complaint is made that the court erred in refusing to give special charges Nos. 3 and 7 and these requested charges read as follows:

"SPECIAL CHARGE NO. 3: Defendant requests the court in writing to charge the jury in writing, before argument, as follows: The jury is instructed that as a railroad company has no control of trees, weeds, brush and shrubs and the like not upon its right of way, it is not required to take such things into consideration when approaching a crossing.

"SPECIAL CHARGE NO. 7: The defendant in writing requests the court to charge the jury in writing before argument as follows: The jury is instructed that the looking required of a traveller before going upon a railroad crossing should usually be just before going upon the track, or so near thereto as to enable such traveller to get across before a train within the range of his view of the track, going at the usual rate of speed of fast trains, would reach such crossing."

These two special requests were taken bodily from syllabi 5 and 7 of the case of New York, Chicago and St. Louis R. R. Co. v Kissler, 66 Oh St 326.

It is urged by counsel for plaintiff that the later case of Weaver v Railroad Company, 76 Oh St 164, holds to a contrary view so far as request No. 3 is concerned. This theory does not conform to our understanding of the law. The two cases establish sep-

arate, distinct rules under different situations. In the open country the operators of railroad trains are not bound to consider, in the operation of their trains, obstructions off the right of way. This was the situation in the Kissler case, supra. Within municipalities ralroad companies are bound, in the operation of their trains, to take into consideration obstructions in close proximity to their tracks, even though on privately owned property. So says the Weaver case, supra.

Under this situation we think special request No. 3 correctly states the law unless under the record, it has no application to the existing conditions.

Examining the pleadings it is apparent that the complaint against the railroad company on obstruction of view was a growth upon the right of way and no mention is made of any such obstruction off the right of way. The petition does speak of obstructions between the tracks and the ditch and also in the ditch. However, one-half of this fifteen foot ditch was embraced within the right of way of the railroad company. Counsel for plaintiff in their interrogatories of witnesses on the question of öbstruction always refer to obstructions upon the right of way. We doubt very much if the testimony of any witness can be construed as intending to refer to obstructions outside the right of way. If any such inference arises, it will be wholly from volunteer statements. Under this situation we think the requested charge had no application and that the trial court was not in error in refusing to give same.

As to the trial court's refusal to give special request No. 7, we find that special request No. 2, which was given, taken in connection with other special requests also given substantially sets out the entire part of No. 7 refused. For this reason there will be no prejudicial error in the refusal to give request No. 7.

While the specification of error complains of the general charge of the court, yet no specific reference was made to this complaint in brief of counsel for appellant.

We have examined the general charge and find no prejudicial error. The judgment of the trial court will be affirmed and cause remanded for further proceedings according to law.

Costs will be assessed against the appellant.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.